UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TOO FACED COSMETICS, INC., a California corporation,<br><br>                      Plaintiff,<br><br>vs.<br><br>ALMAR SALES CO., INC., a New York corporation; ROSS STORES, INC., a Delaware corporation; DOLLAR TREE STORES, INC., a Virginia corporation; NATIONAL STORES, INC. doing business as FALLAS PAREDES, a California corporation; BEAUTY SYSTEMS GROUP, LLC doing business as COSMOPROF, a Delaware corporation; and DOES 1 through 10,<br><br>                      Defendants. | Case No.  SACV11-00073 CJC (MLGx)<br><br>Assigned for all purposes to:<br>Honorable Judge Cormac J. Carney<br><br>**PRELIMINARY INJUNCTION** |

**THE COURT FINDS:**

Plaintiff TOO FACED COSMETICS, INC. ("Plaintiff") has brought this action for injunctive and other relief under, *inter alia*, the Copyright Act of 1976, 17 U.S.C.

§§101 *et. seq.*, and the Lanham Act, 15 U.S.C. § 1125(a) against Defendant ALMAR SALES CO., INC. ("Defendant Almar") (collectively referred to as the "Parties") for marketing, distributing, and selling products which allegedly infringe Plaintiff's Copyrights and trade dress in the (1) Too Faced Natural Eye Palette, (2) Too Faced Liquif-Eye Palette, and (3) Too Faced Smoky Eye Palette;

That Plaintiff and Defendant Almar have stipulated to the entry of a Preliminary Injunction against Defendant Almar to remain in place through the settlement and/or trial of this action;

That the Court has jurisdiction over the subject matter of this case and jurisdiction over the Parties;

That venue is proper and not disputed in this District pursuant to 28 U.S.C. §§1391 and 1400(a);

That by stipulating to the entry of a Preliminary Injunction, Defendant Almar makes no admission as to the truth of Plaintiff's allegations as alleged in the First Amended Complaint, this Preliminary Injunction, or as to any relief that may be granted in this matter; and this Preliminary Injunction is not admissible to the jury in the trial of this action.

That by stipulating to the entry of a Preliminary Injunction, Plaintiff does not waive any rights to recovery, including permanent injunctive relief, that may be granted in this matter; and

Good cause having been shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Pending the trial in this matter, Defendant Almar, its directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them who receive actual notice of the Court's Preliminary Injunction by personal service or otherwise, are restrained and enjoined from purchasing, selling, or distributing any products alleged by Plaintiff to infringe Plaintiff's copyrights in the (1) Too Faced Natural Eye Palette, Federal Registration No. VA 1-745-839; (2) Too Faced

1  Liquif-Eye Palette, Federal Registration No. VA 1-746-987; and (3) Too Faced Smoky
2  Eye Palette, Federal Registration No. VA 1-746-995.

3        **AND IT IS FURTHER ORDERED** that pending the trial in this matter, or until
4  further order of this Court, Defendant Almar, its directors, officers, agents, servants,
5  employees, and all other persons in active concert or privity or in participation with
6  them who receive actual notice of the Court's Preliminary Injunction by personal
7  service or otherwise, are restrained and enjoined from purchasing, selling, or
8  distributing any products alleged by Plaintiff to infringe Plaintiff's trade dress in the
9  Too Faced Natural Eye palette, the Too Faced Liquif-Eye palette, and the Too Faced
10 Smoky Eye palette.

11       **AND IT IS FURTHER ORDERED** that pending the trial in this matter, or until
12 further order of this Court, Defendant Almar, its directors, officers, agents, servants,
13 employees, and all other persons in active concert or privity or in participation with
14 them who receive actual notice of the Court's Preliminary Injunction by personal
15 service or otherwise, are restrained and enjoined from engaging in any acts or activities
16 directly or indirectly calculated to compete unfairly with Plaintiff.

17       **AND IT IS FURTHER ORDERED** that Defendant Almar will undertake to
18 recall all products alleged to be infringing by Plaintiff in its First Amended Complaint
19 and those products re-designed by Defendant Almar including, but not limited to the:

20     1.    Natural Eye Neutral Eye Shadow Collection palette;
21     2.    Natural Eye Neutral Eye Shadow Collection compact;
22     3.    Smoky Eye Smoky Eye Shadow Collection compact;
23     4.    Smoky Eye Smoky Eye Shadow Collection palette;
24     5.    Liquid Eye Liner & Shadow Palette;
25     6.    Natural Look Shadow Collection palette (re-designed); and
26     7.    Smoky Look Shadow Collection palette (re-designed).

27       **AND IT IS FURTHER ORDERED** that Defendant Almar shall file with the
28 Court and serve on Plaintiff, no later than thirty (30) days after the Court's entry of the

1  Preliminary Injunction, a written report under oath setting forth in detail the manner and
2  form in which Defendant Almar has complied with the Court's Preliminary Injunction
3  including the recall of the products at issue.

4      **AND IT IS FURTHER ORDERED** that this Preliminary Injunction shall be
5  entered as an Order of the Court and that a bond pursuant to Fed. R. Civ. P. 65 is
6  waived.

7      **AND IT IS FURTHER ORDERED** that this Preliminary Injunction is effective
8  immediately and shall remain in effect through the settlement or trial of this matter and
9  the jury's decision, unless mutually modified by the Parties, and so ordered by the
10 Court.

11     **IT IS SO ORDERED.**

13 Dated: March 9, 2012    By: _____
14                              CORMAC J. CARNEY
15                              United States District Judge