UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOO FACED COSMETICS, LLC., a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>ALMAR SALES CO., INC., a New York corporation; ROSS STORES, INC., a Delaware corporation; DOLLAR TREE STORES, INC., a Virginia corporation; NATIONAL STORES, INC. doing business as FALLAS PAREDES, a California corporation; BEAUTY SYSTEMS GROUP, LLC doing business as COSMOPROF, a Delaware corporation; and DOES 1 through 10,<br><br>Defendant. | Case No. SACV11-00073 CJC (MLGx)<br><br>Assigned for all purposes to:<br>Honorable Judge Cormac J. Carney<br><br>**PERMANENT INJUNCTION** |

**THE COURT FINDS:**

Plaintiff TOO FACED COSMETICS, INC. ("Plaintiff") has brought this action for injunctive and other relief under, *inter alia*, the Copyright Act of 1976, 17 U.S.C.

§§101 *et. seq.*, and the Lanham Act, 15 U.S.C. § 1125(a) against Defendant ALMAR SALES CO., INC. ("Defendant Almar") (collectively referred to as the "Parties") for marketing, distributing, and selling products that allegedly infringe Plaintiff's Copyrights and trade dress in the (1) Too Faced Natural Eye Palette, (2) Too Faced Liquif-Eye Palette, and (3) Too Faced Smoky Eye Palette;

That on the Court entered a stipulated preliminary injunction (Dkt. No. 40);

That per the Settlement Agreement executed between the parties, Plaintiff and Defendant Almar have stipulated that upon satisfaction of their respective obligations as delineated by the Settlement Agreement, they would request the Court dissolve the Preliminary Injunction and enter a Permanent Injunction against Defendant Almar;

That the Court has jurisdiction over the subject matter of this case and jurisdiction over the Parties;

That venue is proper and not disputed in this District pursuant to 28 U.S.C. §§1391 and 1400(a);

That by stipulating to the entry of a Permanent Injunction, Defendant Almar makes no admission as to the truth of Plaintiff's allegations as alleged in the Second Amended Complaint, this Permanent Injunction; and

Good cause having been shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Per the parties' Settlement Agreement, Defendant Almar, its directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them who receive actual notice of the Court's Permanent Injunction by personal service or otherwise, are restrained and enjoined from purchasing, selling, or distributing any products alleged by Plaintiff to infringe Plaintiff's copyrights in the (1) Too Faced Natural Eye Palette, Federal Registration No. VA 1-745-839; (2) Too Faced Liquif-Eye Palette, Federal Registration No. VA 1-746-987; and (3) Too Faced Smoky Eye Palette, Federal Registration No. VA 1-746-995.

**AND IT IS FURTHER ORDERED** that Defendant Almar, its directors,

officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them who receive actual notice of the Court's Permanent Injunction by personal service or otherwise, are restrained and enjoined from purchasing, selling, or distributing any products alleged by Plaintiff in the Second Amended Complaint to infringe Plaintiff's trade dress in the Too Faced Natural Eye palette, the Too Faced Liquif-Eye palette, and the Too Faced Smoky Eye palette.

**AND IT IS FURTHER ORDERED** that until further order of this Court, Defendant Almar, its directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them who receive actual notice of the Court's Permanent Injunction by personal service or otherwise, are restrained and enjoined from purchasing, selling, or distributing any products alleged by Plaintiff to infringe Plaintiff's trademarks identified in the Second Amended Complaint.

**AND IT IS FURTHER ORDERED** that until further order of this Court, Defendant Almar, its directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them who receive actual notice of the Court's Preliminary Injunction by personal service or otherwise, are restrained and enjoined from engaging in any acts or activities directly or indirectly calculated to compete unfairly with Plaintiff.

**AND IT IS FURTHER ORDERED** that per the parties' stipulation, the Preliminary Injunction (Dkt. No. 40) is **DISSOLVED**;

**AND IT IS FURTHER ORDERED** that this Permanent Injunction is the judgment of the Court, is effective immediately, and shall remain in effect in perpetuity, unless mutually modified by the Parties and so ordered by the Court.

**IT IS SO ORDERED.**

DATED: October 23, 2013     By  _____

HON. CORMAC J. CARNEY
United States District Judge